IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DORIS TAPLIN, )
 )
 Petitioner, )
 )
v. ) Case No. CIV-09-1241-F
 )
WARDEN NEWTON-EMBRY, )
 )
 Respondent. )

**REPORT AND RECOMMENDATION
ON THE ISSUE OF TIMELINESS**

Ms. Doris Taplin seeks habeas relief in connection with a state court conviction, and the Respondent moves for summary judgment on grounds of timeliness.[1] The Court should grant the motion.

Background

Following a conviction in state district court, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed on December 3, 2007.[2] On December 11, 2008, Ms. Taplin filed an application for post-conviction relief. *See* Brief in Support, Exh. 2 at p. 11 (Docket Sheet, *State v. Taplin*, Case No. CF-2006-17 (Comanche Co. Dist. Ct.)). The state district

---

[1] The Respondent filed a motion to dismiss, but relied on evidence outside of the habeas petition. Accordingly, the Court converted the motion to one for summary judgment. Order at p. 1 (Dec. 23, 2009); *see Alloway v. Jordan*, 69 Fed. Appx. 431, 433 (10th Cir. July 7, 2003) (unpublished op.) (discussing conversion of a motion to dismiss in a habeas proceeding).

[2] *See* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2254 by a Person in State Custody at p. 1 (Nov. 9, 2009) ("Petition"); *see also* Brief in Support of Motion to Dismiss Time Barred Petition, Exh. 1 at p. 3 (Docket Sheet, *Taplin v. State*, Case No. F-2006-1093 (Okla. Crim. App.)) (Dec. 22, 2009) ("Brief in Support").

court denied relief seven days later, and the Petitioner filed a notice of appeal. *See* Petition at pp. 2, 5; *see also* Brief in Support, Exh. 2 at p. 11. However, court records indicate that Ms. Taplin did not actually appeal the denial of post-conviction relief. *See* Brief in Support, Exhs. 2-3.[3]

Ms. Taplin filed the habeas petition on November 2, 2009.[4]

Standard for Summary Judgment

Federal statutory law does not address the standard for summary judgment in habeas proceedings. Thus, the Federal Rules of Civil Procedure govern the Respondent's motion. *See* Fed. R. Civ. P. 81(a)(4).

The applicable rule is Fed. R. Civ. P. 56(c). Under this rule, summary judgment is necessary when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When a respondent seeks summary judgment, the petitioner "must go beyond her pleadings and present some evidence in support of her claims." *Price-Cornelison v. Brooks*, 524 F.3d 1103, 1109 (10th Cir. 2008)

---

[3] The habeas petition is unclear on the issue. For example, Ms. Taplin notes the denial of her post-conviction application on December 18, 2008, and she indicates that she appealed to the highest state court having jurisdiction. *See* Petition at p. 2. But when asked about her appeal, she indicated that it was an "Application for Post-Conviction Relief" in "Comanche County District Court." *Id.* Ms. Taplin says that the court denied her request and that she did not appeal. *Id.* at pp. 3, 5-7.

[4] The petition is deemed "filed" when Ms. Taplin had given it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). The Petitioner verifies that the date was November 2, 2009. *See* Petition at p. 10.

2

(citation omitted).[5] When the petitioner presents such evidence, the Court views the record in the light most favorable to the non-movant. *See*, *e.g.*, *Faustin v. City*, 423 F.3d 1192, 1198 (10th Cir. 2005). But when only one reasonable outcome exists, summary judgment is necessary. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Timeliness of the Present Action

Under the uncontested facts, the only reasonable conclusion is that the action is untimely.

I. Statute of Limitations

In federal habeas actions, the statute of limitations provides in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . .
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(A).

II. Ms. Taplin's Failure to Timely File the Habeas Petition

As noted above, the OCCA affirmed the conviction on December 3, 2007. *See supra* p. 1. When the court affirmed, Ms. Taplin had 90 days to file a petition for a writ of

---

[5] Because Ms. Taplin verified the petition, the document is considered an "affidavit" for purposes of summary judgment. *See Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988) (*per curiam*) ("a verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e)" (citations omitted)); *see also Coates v. Shanks*, 229 F.3d 1162, 2000 WL 1175611, Westlaw op. at 4 (10th Cir. Aug. 17, 2000) (unpublished op.) (treating a prisoner's federal habeas petition as an "affidavit" because it had been verified).

*certiorari* in the United States Supreme Court.[6] She did not,[7] and her conviction became final on March 2, 2008.[8] Thus, the one-year period would have expired on March 2, 2009, in the absence of tolling. *See* 28 U.S.C. § 2244(d)(1)(A).

Ms. Taplin is entitled to statutory tolling, but not equitable tolling.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(2).

Ms. Taplin filed an application for post-conviction relief on December 11, 2008. *See supra* p. 1. At that time, 284 days had already elapsed. The state district court denied relief on December 18, 2008. *See id.* at pp. 1-2. Although the Petitioner did not appeal,[9] the

---

[6]     *See* 28 U.S.C. § 2101(c) (stating that "any writ of certiorari . . . shall be . . . applied for within ninety days after the entry of . . . [the underlying] judgment or decree"); Rule 13(1), Rules of the Supreme Court of the United States (a certiorari petition is timely if it is filed within 90 days of the entry of judgment by a state court of last resort).

[7]     *See* Petition, *passim*.

[8]     *See* Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(A); *see also Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("Under [28 U.S.C. § 2244(d)(1)(A)], a petitioner's conviction is not final . . . following a decision by the state court of last resort - [until] 'after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'" (citation omitted)).

[9]     *See supra* p. 2 & note 3 (noting that Ms. Taplin filed a notice of intent to appeal, but did not perfect the appeal).

limitations period was tolled for the 30 days in which she could have perfected an appeal.[10] The 30th day fell on January 17, 2009.

Equitable tolling is unjustified here.

The limitations period may be subject to equitable tolling "in rare and exceptional circumstances. . . ." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). But Ms. Taplin has not identified any circumstances which could justify equitable tolling.

Because 284 days had already expired before the Petitioner sought post-conviction relief, she only had 81 days remaining after the end of statutory tolling on January 17, 2009. Thus, the limitations period expired on April 9, 2009. Ms. Taplin filed the petition on November 2, 2009, which was over six months too late. Consequently, the Court should grant the Respondent's summary judgment motion.

## Notice of the Right to Object

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by March 8, 2010. *See* Fed. R. Civ. P. 6(a)(3)(A), 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1). The failure to timely object would foreclose appellate review of the suggested ruling.[11]

---

[10] *See* Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals (giving a petitioner thirty days in which to appeal the denial of an application for post-conviction relief); *see also Gibson v. Klinger*, 232 F.3d 799, 803-804 (10th Cir. 2000) (stating that the petitioner is entitled to statutory tolling for the 30 days in which he could appeal the denial of post-conviction relief).

[11] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

5

## Status of the Referral

The present report serves to discharge the existing referral by the presiding district judge.

Entered this 18th day of February, 2010.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge